**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**
**No. 1:10-cv-691**

| | |
|---|---|
| **CHERRIE HACKNEY** ) | |
| **Plaintiff,** ) | |
| ) | **COMPLAINT** |
| **vs.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **COMMERCIAL RECOVERY SYSTEMS,** ) | |
| **INC.; and BERNARD SEGAL,** ) | |
| <u>**Defendants.**</u> ) | |

## INTRODUCTION

The Fair Debt Collection Practices Act (FDCPA or Act), 15 U.S.C. §§ 1692, *et seq*. imposes civil liability on "debt collectors" for certain prohibited debt collection practices. The Act includes a private right of action by "any person" adversely affected by the violation. Congress intended private actions to be the main vehicle for enforcing the Act: "The committee views this legislation as primarily self-enforcing; consumers who have been subject to collection abuses will be enforcing compliance." S. Rep. No. 382, 95th Cong., 1st Sess. 5, *reprinted in* 1977 U.S.C.A.A.N. 1695, 1696.

North Carolina has also enacted legislation to protect consumers from abusive, deceptive or unfair debt collection practices, North Carolina General Statute §§ 58-70-90 *et seq.* Part 3. Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers (PPCA) and/or North Carolina's Prohibited Acts by Debt Collectors Statute, N.C. Gen. Stat. §§ 75-50 *et seq.* (referred to as "NCDCA").

1

The plaintiff, Cherrie Hackney, by and through her undersigned attorney, sues the defendants, Commercial Recovery Systems, Inc. (Defendant CRS) and Bernard Segal (Defendant Segal), and alleges and says as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367. This Court also has supplemental jurisdiction over the state law claims as those arise from a common nucleus of operative facts.

2. This action arises out of defendants' violations of the FDCPA, PPCA, and/or the NCDCA in their illegal efforts to collect a consumer debt from Mrs. Hackney.

3. Venue is proper in this District because the acts and transactions occurred here, Mrs. Hackney resides here, and defendants transact business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within the applicable statute of limitations for claims arising under North Carolina law.

## PARTIES

5. Plaintiff Cherrie Hackney is a natural person who resides in the town of Moncure, Chatham County, North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692k, N.C. Gen. Stat. § 58-70-90(2), and N.C. Gen. Stat. § 75-50(1).

2

6.     Defendant CRS is, upon information and belief, a foreign, professional corporation organized under the laws of the State of Texas.

7.     Defendant CRS, upon information and belief, maintains its principal place of business at 8035 E R L Thornton, Suite 220, Dallas TX 75228-7018.

8.     Defendant CRS is engaged in the collection of debts from North Carolina consumers using the mail and telephone.

9.     Defendant CRS regularly attempts to collect consumer defaulted debts alleged to be due to another.

10.    Defendant CRS is registered as a collection agency with the North Carolina Department of Insurance whose permit number is 3728.

11.    Defendant CRS was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and a "collection agency" as that term is defined in § 58-70-90(1).

12.    Defendant Segal is, upon information and belief, an employee for Defendant CRS.

13.    Defendant Segal is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

14.    Defendant Segal regularly attempts to collect consumer debts alleged to be due to another.

15.    Defendant Segal was and is a "debt collector" as defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

16.    Mrs. Hackney is a consumer or other person as that term is defined in 15 U.S.C. § 1692a(3), N.C. Gen. Stat. § 58-70-90(2), and N.C. Gen. Stat. § 75-50(1).

3

17.     At some point, Mrs. Hackney incurred a debt by signing for a car loan for her daughter.

18.     The car was not used for a business venture, but rather, was used for personal use by Mrs. Hackney's daughter.

19.     The car that was the subject of the loan was involved in an auto accident and totaled.

20.     Mrs. Hackney did not have any gap insurance on the vehicle and was upside down on the financing for the car loan.

21.     After her insurance failed to pay a sufficient amount for the balance of the car loan, Mrs. Hackney was unable to pay off the deficiency or meet the terms of any proposed payment plan.

22.     The loan went into default.

23.     The car loan is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), N.C. Gen Stat. § 58-70-90(3) and N.C. Gen. Stat. § 75-50(2).

24.     Subsequently, the car loan was sold or otherwise transferred or placed with Defendant CRS.

### Collection Calls in July 2010

25.     On or about July 13, 2010, Mr. Segal telephoned Mrs. Hackney in an attempt to collect on the account.

26.     During that telephone call, Mrs. Hackney informed Mr. Segal that she had an attorney and provided her attorney's name and telephone number.

4

27.     Mr. Segal then called Mrs. Hackney's attorney, the undersigned and left the
        following voicemail:

> Hello Angela Martin, Bernard Segal of CRS- Angela, I just
> got off the phone with Cherrie Hackney and she gave me your
> information to speak with you regarding the Citi Financial
> Auto account. My name is Bernard Segal at 1-800-214-7886
> and referring to file number 2871047. It is very imperative
> that I speak with you as soon as possible. I'm hoping that we
> can get this account resolved as soon as possible. Mr. Segal at
> 1-800-214-7886. I'm with CRS and I represent Citi Financial
> Auto in reference to Cherrie Hackney. Thank you.

28.     On or about July 13, 2010, the undersigned returned Defendant Segal's telephone
        call and spoke to him at length about Mrs. Hackney and the account.

29.     On or about July 26, 2010, Professional Recovery Consultants (not a party to this
        action) telephoned Mrs. Hackney and left a voice message to call them regarding
        an important business matter.

30.     Concerned that multiple collectors were attempting to collect on the same account,
        on or about July 26, 2010, the undersigned telephoned Defendant CRS and, at that
        time, ascertained that Defendant CRS still had the account.

### Direct communication to a represented consumer in August 2010

31.     On August 6, 2010, despite having direct knowledge that Mrs. Hackney was
        represented by an attorney, Defendants sent a collection letter directly to Mrs.
        Hackney. (Attached hereto as Ex. A.)

32.     At various times, both the original creditor and debt collectors attempted to
        negotiate the balance of the loan; however, Mrs. Hackney is of limited financial

means and has only social security disability and retirement disability from her job with the State of North Carolina and Defendant CRS was made aware of this.

33.     Mrs. Hackney was highly upset, scared, and emotional that Defendant CRS still was contacting her when she had an attorney.

### *Respondeat Superior Liability*

34.     The acts and omissions of the individual Defendant named herein, and other debt collectors employed as agents by Defendant CRS who communicated with Mrs. Hackney as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CRS.

35.     The acts and omissions by the individual Defendant named herein, and other debt collectors, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CRS in collecting consumer debts.

36.     By committing these acts and omissions against Mrs. Hackney, the individual Defendant named herein and other debt collectors were motivated to benefit their principal Defendant CRS.

37.     Defendant CRS is therefore liable to Mrs. Hackney through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including, but not limited to, violations of the FDCPA, PPCA, and NCDCA in the illegal attempts to collect this debt from Mrs. Hackney.

Case 1:10-cv-00691-UA-PTS   Document 1   Filed 09/09/10   Page 6 of 10

## TRIAL BY JURY

38.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues

so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT ONE

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq*.

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

40.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA including, but not limited to: 15 U.S.C. §§

1692c(a)(2) and 1692g, amongst others.

41.     As a result of Defendants' violations of the FDCPA, Mrs. Hackney is entitled to

actual damages; statutory damages in an amount up to $1,000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15

U.S.C. § 1692k(a)(3) from the Defendants herein.

### COUNT TWO
### UNFAIR AND DECEPTIVE TRADE PRACTICES
### VIOLATION OF NORTH CAROLINA'S PROHIBITED ACTIONS BY DEBT
### COLLECTORS STATUTE AS TO DEFENDANT CRS

42.     Plaintiff incorporates by reference the allegations contained in the preceding

paragraphs as though fully set forth herein.

43.     Defendant CRS is a collection agency as defined by N.C. Gen. Stat. § 58-70-15(a).

Case 1:10-cv-00691-UA-PTS   Document 1   Filed 09/09/10   Page 7 of 10

44.     Defendant CRS's conduct as alleged above violated N.C. Gen. Stat. § 58-70-95, N.C. Gen. Stat. §58-70-110, and N.C. Gen. Stat. § 58-70-115.

45.     Defendant CRS otherwise violated N.C. Gen. Stat. §§ 58-70-1 to 58-70-130, and/or §§ 75-50 to 75-56, and accordingly Mrs. Hackney is entitled to recovery of a civil penalty up to four thousand dollars for each violation under N.C. Gen. Stat. § 58-70-130(b), and reasonable attorney's fees under Chapter 75 and N.C. Gen. Stat. § 58-70-130(c).

46.     The North Carolina Unfair and Deceptive Trade Practices Act provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce are declared unlawful." N.C. Gen. Stat. § 75-1.1(a).

47.     Defendant CRS's practices alleged herein constitute unfair and deceptive acts or practices in or affecting commerce pursuant to N.C. Gen. Stat. § 75-1.1; are illegal, unfair or deceptive acts or practices in the conduct of trade or commerce and are inherently deceptive; offend public policy and are immoral, unethical, oppressive and unscrupulous.

48.     The collection of debts or alleged debts is a consumer transaction within the meaning of trade or commerce.

49.     Defendant CRS's use of illegal collection practices and strategies all constitute unfair and deceptive trade practices.

50. Defendant CRS's illegal collection communications proximately caused harm to Plaintiff, caused harm to North Carolina consumers, and were deceptive in their effect upon an average consumer.

51. Defendant CRS's conduct as alleged above violated N.C. Gen. Stat. §§ 58-70-1 *et seq* and/or §§ 75-50 *et seq*. and accordingly Mrs. Hackney is entitled to recovery of a civil penalty of $4000.00 for each separate offense under N.C. Gen. Stat. §§ 75-8 and 75-56, and reasonable attorney's fees under Chapter 75.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant jointly and severally;

2. for an award of statutory damages of $1,000.00 from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. for an award of costs of litigation and reasonable attorney's fees from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(3);

4. for an award of actual damages pursuant to N.C. Gen. Stat. § 58-70-130(a);

5. for an award of statutory damages of $4,000.00 per violation pursuant to N.C. Gen. Stat. § 58-70-130(b);

6. for an award of costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 58-70-130(c);

7. for an award of statutory damages of $4,000.00 for each separate offense from Defendant CRS pursuant to N.C. Gen. Stat. §§ 75-8, 75-56, and 75-1.1 *et seq.*, as well as any attorney's fees available thereunder;

8. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally; and

9. for further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 9th day of September, 2010.


MARTIN ATTORNEY AT LAW, PLLC


By:_____/s/ Angela O. Martin_
        Angela O. Martin, Esq.
        NC Bar 34951
        Attorney for Plaintiff
        Martin Attorney at Law, PLLC
        1911 Keller Andrews Road
        Sanford, North Carolina  27330
        (919) 708-7477, FAX: (888) 872-4232
        angela@angelamartinlaw.com

10